LAW OFFICES OF DAVID M. WISEBLOOD
David M. Wiseblood (SBN 115312)
601 Montgomery, Suite 2000
San Francisco, CA 94111
Telephone: (415) 547-2700
Facsimile:  (415) 547-2701
E-Mail:  dwiseblood@wisebloodlaw.com

Attorneys for Plaintiff
RUSSEL I. KASSMAN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| RUSSEL I. KASSMAN<br><br>   Plaintiff,<br><br>   v.<br><br>CHASE BANK USA, N.A.<br><br>   Defendant(s). | Case No.<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATION OF TRUTH IN LENDING ACT, FAIR DEBT COLLECTION PRACTICES ACT, CONSUMER PROTECTION LAWS, AND FOR DECLARATORY AND INJUNCTIVE RELIEF- JURY TRIAL – DEMANDED – FRCP 38** |

Plaintiff, Russel I. Kassman ("Plaintiff" or "Mr. Kassman"), for his complaint against Defendant Chase Bank USA, N.A. ("Chase" or "Defendant") alleges as follows:

**Overview of This Action.**

1.  Plaintiff brings this lawsuit against Chase after Chase (i) breached a loan modification agreement with Mr. Kassman by misreporting and sullying his good credit, (ii) published, starting in September, 2015 admittedly false credit reporting information regarding secured debt payments that Chase admitted receiving timely, (iii) represented in writing that it had rectified its acknowledged 2015 credit reporting errors when it did not do so, and (iv) published written misinformation and disinformation regarding alleged delinquencies when Chase's own records confirmed receipt of timely payments.  Chase's conduct to ruin Mr.

Kassman climaxed by providing Mr. Kassman's Chase customer private information to an unrelated third party customer.

### Jurisdiction and Venue.

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332(a). This Court has original jurisdiction because this case arises under the laws of the United States. In addition, Plaintiff and Chase are citizens of different states, and the amount in controversy exceeds the jurisdictional limit of this Court.

3. Venue is proper under 28 U.S.C. § 1391. Plaintiff lives in this judicial district. Chase regularly and continuously conducts business in interstate commerce that is carried out in part in this district.

### Parties.

4. Plaintiff is a citizen of the State of California.

5. Defendant Chase is a national banking association with its principal place of business in New York, New York.

### Facts.

6. This case arises out of a real property secured loan that Chase provided to Mr. Kassman in 2008 in the original principal amount of $752,000 (the "Loan"). The Loan is secured by real property commonly known as 18 Lodestar Lane, Napa, CA 94558 (the "Property").

7. Commencing in June, 2009, Chase agreed to modify the Loan based on the decline in the value of the Property. Because Mr. Kassman had a perfect track record of making timely payments on the Loan when he applied for the modification, he was instructed by Chase's loan modification department to miss two of the mortgage payments so that he would be eligible for the modification program. Mr. Kassman followed the instructions of his lender. Chase agreed to a loan modification with Mr. Kassman whereby the monthly payments due on the Loan were reduced. Chase reported to the credit reporting agencies for the Loan that Mr. Kassman

was delinquent in his obligations based on the fact that Mr. Kassman followed Chase's instructions for the November and December, 2009 payments.

8. Mr. Kassman continuously has been working with Chase to try to rectify this misinformation and Chase has represented for at least four years that it is "investigating the matter" but it has not made any corrections and has not resolved the inaccurate information.

9. To the contrary, after the Loan Modification Agreement between Mr. Kassman and Chase was executed, Chase continuously reported that Mr. Kassman had not made two payments in 2009 that were embodied by the Loan Modification Agreement, and then started making further derogatory reports in 2013 that Mr. Kassman had not made the modified Loan payments, despite the fact that Chase had set up by agreement with Mr. Kassman an automatic clearing house or "ACH" account from which the monthly payments were deducted automatically and timely. Mr. Kassman repeatedly tried to work with Chase to correct this information, to no avail.

10. The ACH payment amount that was set up between Mr. Kassman and Chase was $2,698.27 per month. Commencing in July of 2015, Chase took $3,785.85 rather than $2,698.27 from the account set up for the ACH payments. Mr. Kassman requested that Chase revert to the correct amount, and Chase declined.

11. Accordingly, on August 1, 2015, strictly in accordance with Chase's "online customer" procedures, Mr. Kassman cancelled the ACH component of his relationship with Chase. According to Chase's secure message center records, and published literature, Chase was authorized to deduct and represented that it would deduct the August 2015 mortgage payment from the account via the ACH procedures, with the ACH procedures stopped effective with the September 1, 2015 payment.

12. Notwithstanding its own policies and the fact that there were sufficient funds in the account for Chase to debit the account for the required monthly payment in August 2015, Chase did not take the August 2015 monthly payment and never bothered to inform its Loan

1 customer of that fact.  Instead, on September 4, 2015, Chase wrote to Mr. Kassman and told him
2 that he was two months delinquent, with its standard dunning language.

3       13.     On September 9, 2015, Mr. Kassman paid to Chase online the two payments
4 Chase identified as being delinquent (for August and September 2015) notwithstanding the fact
5 that the August 2015 payment according to Chase's own policy was to have been taken from the
6 ACH debit account, and the September 2015 payment was not past due.

7       14.     Chase was not content.  After it received on September 9, 2015 the August and
8 September 2015 Loan payments, it reported the account delinquent for August and September of
9 2015.  Chase published that the reason for Mr. Kassman's cancelation of ACH payments was
10 "FILING BANKRUPCTY."  Mr. Kassman never filed bankruptcy and never discussed doing so.
11 Mr. Kassman is a long-standing member of the business and residential community of the Bay
12 Area and has never filed bankruptcy and never threatened doing so.

13       15.     Mr. Kassman learned that Chase was continuing to report his account with Chase
14 as delinquent for the August and September 2015 payments on September 24, 2015, when his
15 efforts to refinance a secured loan that had been approved was declined based upon Chase's
16 misinformation and disinformation in the reports to the credit reporting agencies.

17       16.     On September 30, 2015, Mr. Kassman spent several hours on the phone trying to
18 communicate with a Chase representative about the fact that its false credit report information
19 caused the loss of a favorable credit facility.  The representative, named "Tracy" reported that
20 Chase had "researched the item and we are correcting the file."  Mr. Kassman was somewhat
21 relieved by the advice.  Tracy said, "you will be receiving a letter in the mail indicating the
22 action we took."  Mr. Kassman asked that Tracy email the letter to him given the urgency of the
23 matter with his other lender.  She refused.  She then relented and agreed to fax the written
24 communication to Mr. Kassman after insisting as a condition to faxing the letter that Mr.
25 Kassman release Chase from all liability.  He declined.

26       17.     Chase then faxed a copy of its letter to Mr. Kassman dated September 30, 2015, in
27 which Chase admitted making an error, with respect to the August 2015 payment only, and
28

apologized for any "inconvenience". Chase represented in writing that it would provide the credit reporting agencies updated and corrected information about the account.

18. Thereafter, and despite its September 30, 2015 written representation, Chase continued to report Mr. Kassman's account as delinquent for August 2015. It continues to do so.

19. Thereafter, Mr. Kassman, through counsel, requested that Chase also correct the erroneous information it reported for the September 2015 payment, which was timely paid. Mr. Kassman through counsel requested that Chase include in its curative steps the September 2015 misinformation about his payments. Incredibly, Chase not only refused to do so, but it misrepresented in writing that the September 1, 2015 payment was received on October 14, 2015 notwithstanding that Chase's own online records confirm exactly when the payment was received, on September 9, 2015.

20. Following receipt of Chase's most recent letter refusing to correct its false information, Mr. Kassman through counsel communicated with "Aaron" of Chase, who verbally stated that he was the person who made the decision for Chase not to reverse the September 2015 misinformation despite the fact that Chase had records showing the payment was timely received, acknowledged that the information about bankruptcy was completely in error, and refused to correct the errors.

21. Climaxing this incredible journey was contact that Mr. Kassman received from another of Chase's customers, one Amy Wright-Rhode, domiciled somewhere on the East Coast. Chase provided Ms. Wright-Rhode with communications addressed to Mr. Kassman concerning his private financial dealings with Chase that of course have nothing to do with Ms. Wright-Rhode. Ms. Wright –Rhode has no relationship with or to Mr. Kassman.

**First Claim for Relief**
**(Violations of Truth-In-Lending Act, 15 U.S.C. § 1601)**

22. Plaintiff repeats and re-alleges the allegations above.

23. Pursuant to 15 U.S.C. § 1601 et seq., commonly referred to as the "Truth-In Lending Act," ("TILA") Chase was required, *inter alia*, to disclose that by contracting with

Complaint                                                                                                        Case No.

5

1 Chase and actually performing, Mr. Kassman was giving Chase a license to disseminate to third
2 parties' false information about his payment history.

3     24. Chase made no such disclosure.

4     25. Chase was required to make the disclosures.

5     26. Chase has violated TILA by virtue of its dogged misinformation about Mr.
6 Kassman's liability and payment history.

**SECOND CLAIM FOR RELIEF**

**(Violation of Fair Debt Collections Practices Act)**

9     27. Mr. Kassman repeats the allegations contained in his First Claim for Relief.

10     28. Pursuant to the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, *at seq*,
11 Chase was required not to publish false information or to seek an unjust recovery from Mr.
12 Kassman. 15 U.S.C. § 1692(e), (f)(1).

13     29. Chase, through its conduct alleged above, including repeated false reports about
14 payment delinquencies, mythical bankruptcies, and false promises to correct these patent errors
15 has violated these disjunctive provisions of the statute.

16     30. Mr. Kassman has been damaged as a consequence of Chase's statutory violations.

**THIRD CLAIM FOR RELIEF**

**(Violation of California's Consumer Protection Laws)**

19     31. Pursuant to California Business and Professions Code Section 17500 *et seq*,
20 designed to protect consumers against unfair and deceptive and or fraudulent business practices,
21 Chase was required not to seek to impose personal liability on customers to double-pay required
22 payments, and prevent such customers from obtaining alternative financing based on false credit
23 reporting without telling them that they are so liable and without their agreement that they are so
24 liable.

25     32. Nevertheless, as alleged here, despite the fact that Chase admitted that its obligor
26 was current in 2015, Chase went ahead and pretended as if Mr. Kassman was delinquent,
27 misrepresented his status as a bankruptcy debtor, misrepresented it would correct information it

1 admitted was false, repeated that information to an unrelated third party, and ruined Mr.
2 Kassman's credit.

3     33.    Mr. Kassman is a member of the persons protected under the foregoing statute.

4     34.    Chase committed deceptive acts and practices within the meaning of that statue.

## FOURTH CLAIM FOR RELIEF

### (Declaratory Judgment)

7     35.    Plaintiff incorporates by reference the allegations above.

8     36.    There apparently is an actual controversy between Mr. Kassman and Chase
9 concerning the Loan. On the one hand, Chase appears to contend that Mr. Kassman somehow is
10 liable for payments it admits he already paid and that it is privileged to continue to report the
11 account delinquent for 2015, and for the 2009 payments. Mr. Kassman on the other hand
12 disputes these contentions.

13     37.    Pursuant to 28 U.S.C. Section 2201, this Court may declare the rights and legal
14 relations of any interested party seeking such declaration, whether or not further relief is or could
15 be sought.

16     38.    Plaintiff seeks a determination that he is not liable to Chase in any amount for any
17 purpose.

## PRAYER FOR RELIEF

19 Mr. Kassman prays for judgment in his favor and against Chase as follows:

20     1.    For a judgment for money damages and statutory damages including costs and
21 attorneys' fees on the claims brought pursuant to TILA and the Fair Debt Collections Practices
22 Act;

23     2.    For a declaratory judgment that Mr. Kassman has no liability to Chase based on
24 the facts and documents alleged and described above;

25     3.    For injunctive relief prohibiting Chase from continuing to publish derogatory
26 information about Mr. Kassman and his good credit, including injunctive relief compelling
27 Chase to correct the misinformation and disinformation that it has published to date;

28

Complaint      Case No.

7

4. For exemplary and punitive damages based on Chase's violation of Mr. Kassman's rights under California Law;

5. For such other and further relief as the Court deems just and proper; and

6. Plaintiff demands a trial by jury on all issues triable to a jury under Rule 38 of the Federal Rules of Civil Procedure.

Respectfully submitted,

LAW OFFICES OF DAVID M. WISEBLOOD

Dated: December 21, 2015        By _____
                                David M. Wiseblood
                                Attorneys for Plaintiff
                                RUSSEL I. KASSMAN

Complaint                                                                Case No.

8